I agree that the evidence in the record is sufficient to support findings that: (1) Balazs was not afforded a reasonable time to leave the premises before she was forcibly ejected; and (2) that unreasonable, excessive force was used to eject Balazs. For this reason, I concur in the judgment.
However, I conclude that the evidence is essentially undisputed that although Sexton was not the owner of the premises, he was acting as an agent for the owner, his brother. In my view, an owner may authorize another to act for him in exercising his right to forcibly eject a trespasser. My impression is that agents are commonly employed to eject trespassers from certain premises, like bars, where rowdy customers may be unwilling to leave peaceably. In fact, if the premises are owned by a corporation, use of an agent to eject a trespasser would be the only alternative to calling the police, who might have other, more pressing, demands on their time.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).